IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES LEBOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-10973-RGS |
| | ) | |
| JOHN C. HEATH ATTORNEY AT LAW, | ) | |
| PLLC dba LEXINGTON LAW FIRM, | ) | |
| | ) | |
| Defendant. | | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff James Lebowitz ("Plaintiff") and Defendant John C. Heath Attorney at Law, PLLC dba Lexington Law Firm ("Defendant") (collectively, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendant and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, good cause therefore exists to protect the above-mentioned trade secret and proprietary information or confidential personal information from public disclosure.

THEREFORE, an Order of this Court protecting such confidential information ("Protective Order" or "Order") shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action ("Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of the applicable local rules.

5. Any Producing Party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated information. Any party receiving such improperly-designated information shall retrieve such information from the persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly-designated information.

6. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to a Court Order, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from, any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the parties and their attorneys; (b) qualified persons taking testimony involving such material and necessary stenographic and clerical

personnel; (c) disclosed experts and their staff employed for this litigation; (d) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (e) the Court, Court personnel, and members of any jury impaneled to hear this case.

9. In the absence of prior written permission from the designating party or an order by the Court, "Confidential – Attorneys' Eyes Only" shall not be disclosed to any person other than counsel of record in this case and the in-house counsel of a party.

10. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 8(c) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance," attached hereto as Exhibit A.

11. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom Confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in preparation for and the trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 8 and 9 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

12. Nothing in this Order shall prevent a party from using at deposition, arbitration or trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes

Only," provided that such documents are used at deposition, arbitration or trial in accordance with this Order.

13. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

14. Within sixty (60) days after the conclusion of this litigation or the final conclusion of any appeal taken from a final judgment in this action, the original and all copies of "Confidential" or "Confidential – Attorneys' Eyes Only" documents and things produced by a party, attached to motions, or marked as deposition exhibits shall be destroyed or returned to the Producing Party, at the option of the Producing Party. At such time, all persons having received such "Confidential" or "Confidential – Attorneys' Eyes Only" documents shall provide written verification of the return or destruction of said documents, all copies thereof, and of all documents and copies thereof containing "Confidential" or "Confidential – Attorneys' Eyes Only" information.

15. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis and in accordance with applicable local rules. If the dispute cannot be resolved, either party may seek appropriate relief from the Court, and the party claiming the designation shall have the burden of proving it is appropriate. During the pendency of any challenge to the designation of a document or information, the designated

document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

16. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded "Confidential" treatment pursuant to this Order.

18. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the Declaration of Compliance attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

IT IS SO ORDERED.

Dated: 8-21-2017 , 2017 /s/ Richard B. Stearns
UNITED STATES DISTRICT JUDGE

32191281v1

[signature] 8-21-2017